IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TRUSTEES of the CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND, CHICAGO REGIONAL COUNCIL OF CARPENTERS WELFARE FUND, and CHICAGO REGIONAL COUNCIL OF CARPENTERS APPRENTICE & TRAINEE PROGRAM FUND, <br><br> Plaintiffs, <br><br> v. <br><br> CIC D/B/A JOYCE INSTALLATIONS, L.L.C., <br><br> Defendant. | CIVIL ACTION |

# **COMPLAINT**

Plaintiffs, TRUSTEES of the CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND, et al., by their attorney, David Whitfield, complain of the Defendant, CIC D/B/A JOYCE INSTALLATIONS, L.L.C., as follows:

1. This action arises under Section 502 of the Employee Retirement Income Security Act ("ERISA")(29 U.S.C. §§1132, 1145) and Section 301(a) of the Labor Management Relations Act of 1947 ("LMRA"), as amended 29 U.S.C. § 185(a). Jurisdiction is founded on the existence of questions arising there under.

2. The CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND, the CHICAGO REGIONAL COUNCIL OF CARPENTERS WELFARE FUND and the CHICAGO REGIONAL COUNCIL OF CARPENTERS APPRENTICE AND TRAINEE PROGRAM ("Trust Funds") receive contributions from numerous employers pursuant to Collective Bargaining Agreements between the employers and the CHICAGO REGIONAL COUNCIL OF CARPENTERS, successor of the CHICAGO & NORTHEAST ILLINOIS DISTRICT COUNCIL OF CARPENTERS, ("Union"), and therefore, are multiemployer plans. (29 U.S.C. §1002). The Trust Funds are administered at 12 East

Erie Street, Chicago, Illinois and venue is proper in the Northern District of Illinois.

3.     The Defendant is an employer engaged in an industry affecting commerce which entered into Agreements which require Defendant to pay fringe benefit contributions to the Trust Funds.

4.     Delinquent employers are required to pay, in addition to the amounts determined to be due, reasonable attorney fees, court costs, audit fees and other reasonable costs incurred in the collection process.

5.     The Defendant must submit monthly reports listing the hours worked by its carpenter employees ("contribution reports") and to make concurrent payment of contributions to the Trust Funds based upon the hours worked by its carpenter employees.

6.     The Defendant breached the provisions of the Collective Bargaining Agreement and Trust Agreements by failing to submit reports to the Trust Funds for the period November 2012 through the present.

7.     The Defendant breached the provisions of the Collective Bargaining Agreement and the Trust Agreements by failing to submit fringe benefit payments of 48,564.36 for the period September 2012 and October 2012.

8.     Plaintiffs have complied with all conditions precedent in bringing this suit.

9.     Plaintiffs have been required to employ the undersigned attorneys to collect the monies that may be found to be due and owing from Defendant.

10.    Defendant is obligated to pay the attorney fees and court costs incurred by the Plaintiffs pursuant to 29 U.S.C. §1132(g)(2)(D).

11.    Pursuant to 29 U.S.C. §1132(g)(2)(B), the Plaintiffs are entitled to interest on any monies that may be found to be due and owing from the Defendant.

12.    Pursuant to 29 U.S.C. §1132(g)(2)(C), Plaintiffs are entitled to an amount

equal to the greater of:

    a)    double interest on the unpaid contributions; or

    b)    interest plus liquidated damages provided for under the Trust Agreements not in excess of 20% of amount that is due.

13.    Pursuant to the Trust Agreements, Plaintiffs are entitled to liquidated damages at the rate of 1.5% compounded monthly.

WHEREFORE, Plaintiffs pray:

a)    That the Defendant be ordered to submit fringe benefit reports and pay contributions and dues for the period November 2012 through the present.

b)    That the Defendant be ordered to paid 48,564.36 in fringe benefits for the period of September 2012 and October 2012.

c)    That the Plaintiffs be allowed to submit as estimate of the amount of contributions due should the Defendant fail to submit the reporting forms.

d)    That the Defendant be ordered to pay liquidated damages pursuant to the Trust Agreements.

e)    That the Defendant be ordered to pay interest on the amount that is due pursuant to 29 U.S.C. §1132 (g)(2)(B).

f)    That the Defendant be ordered to pay interest or liquidated damages on the amount that is due pursuant to 29 U.S.C. §1132 (g)(2)(C).

g)    That the Defendant be ordered to pay the reasonable attorney's fees and costs incurred by the Plaintiffs pursuant to the Trust Agreements and 29 U.S.C. §1132 (g)(2)(D).

h)    That Plaintiffs have such other and further relief as by the Court may be deemed just and equitable all at the Defendant's costs pursuant to 29 U.S.C. §1132(g)(2)(E).

                        By: /s/ David Whitfield
                              Attorney for Plaintiffs

David Whitfield
Whitfield McGann & Ketterman
111 East Wacker Drive, Suite 2600
Chicago, IL 60601
T: (312) 251-9700 F: (312) 251-9701
Firm File Number N9471